IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.		1:22-CV-02757-PAB-MDB

BILLIE SMITH
TRACY SMITH

      Plaintiffs,

v.

TARA MEDINA,
COLLEEN ROMERO

      Defendants.

## RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants, Tara Medina and Colleen Romero by and through their attorneys Bernard Woessner and Ashley L. Zurkan of Nathan Dumm & Mayer P. C., submit their Response to Plaintiff's Motion for Partial Summary Judgment, and state as follows:

### INTRODUCTION

Plaintiffs' motion for summary judgment not only lacks sufficient undisputed facts to show they are entitled to relief on their legal claims, but it is also procedurally improper because Defendants have filed a motion to dismiss and have been granted a stay. [ECF 76]. Putting these defects aside, it is also inappropriate to decide material facts through summary judgment, as the Plaintiffs have sought here. Regardless, the undisputed facts available show that Defendants will prevail on the two findings at issue: that Plaintiffs have <u>not</u> fully complied with Costilla County procedures yet, and Defendants have.

## STANDARD OF REVIEW

A motion for summary judgment should be granted when the movant shows there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Its primary purpose is to secure the "just, speedy, and inexpensive" determination of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is not intended to permit the court to decide issues of fact, but solely to determine if there is an issue of fact to be tried. *Thompson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 401 F. Supp. 111, 115 (W.D. Okla. 1975). The District of New Mexico put the inquiry succinctly:

> "When reviewing a motion for summary judgment, the court should keep in mind: (1) its role is not to weigh the evidence but to assess the threshold issue whether a genuine issue exists as to material facts requiring a trial; (2) the ultimate standard of proof is relevant for purposes of ruling on a summary judgment, such that, when ruling on a summary judgment motion, the court must bear in mind the actual quantum and quality of proof necessary to support liability; (3) it must resolve all reasonable inferences and doubts in the nonmoving party's favor and construe all evidence in the light most favorable to the nonmoving party; and (4) it cannot decide any credibility issues." *Ortiz v. New Mexico*, D.N.M.2021, 2021 WL 3115577.

## STATEMENT OF FACTS

The following facts are material and cannot genuinely be disputed.

1. Plaintiffs have started constructing their OWTS system with a gravel and pipe system. [ECF 75, p.3].

2. Plaintiffs gravel and pipe system has been approved by Tara Medina. [ECF 39, p.10].

3.  Plaintiffs were informed by phone and by email as of October 10, 2022, that they were permitted to construct the OWTS system as designed. [ECF 39, p.10].

4.  Plaintiffs have been informed that final inspection is required to obtain a signed OWTS permit. [ECF 39, p.10].

5.  Plaintiffs have not been denied the right to install any portion of the system that was designed by Colleen Romero, to include 250 feet of pipe. [ECF 39, pp.14-15].

6.  Plaintiffs engaged a contractor, Cowboy Tom, who worked on the OWTS system even though Plaintiffs do not have the signed OWTS permit. [ECF 79, pp. 17-18].

7.  Costilla County sets forth procedures to develop residential property in the Costilla County Planning and Zoning Department Residential Development Policy and Procedure, which contains a section describing the OWTS process. That process describes the need to install and have a system inspected before a permit is issued. [Defense Hearing Exhibit B ("RDDP")].

8.  Costilla County issues OWTS permits after final inspection of an installed OWTS system, as described in the land use procedures. [RDDP].

Plaintiffs pro se did not organize their statement of undisputed facts as required by D.Colo.L.Civ.R. 56.1(a), so it is difficult to respond to each allegedly undisputed fact. That said, the Defendants dispute that they have denied the OWTS permit at any stage. Medina, in her official capacity, informed Plaintiffs what they had to do to obtain an OWTS permit. Others in Costilla County have done the same. [ECF 39; Exhibit 1 (Letters from Doon)].

3

# ARGUMENT

**I.     What Plaintiffs seek is not partial summary judgment, but declaratory judgment. They are entitled to neither.**

Although styled as a motion for partial summary judgment, this motion seeks declaratory judgment under Fed. R. Civ. P. 57. It asks the court to enter two factual findings: that Plaintiffs have complied with the process to obtain necessary land use permits, and that Defendants have not complied with Colorado law in failing to issue a signed OWTS permit. [ECF 72, p. 1]. Since neither issue resolves a constitutional claim pled in Plaintiffs' Third Amended Complaint, Plaintiffs have not sought amendment, and the substance of their motion presents disputes of material fact, the Court should not issue a declaratory judgment because it would not terminate the controversy.

**A.     Declaratory judgment**

Declaratory judgment motions arise under F.R.C.P. 57 and are governed by 28 U.S.C. § 2201, which reads: "In a case of **actual controversy within its jurisdiction**…[the court] **may** declare the rights and other legal relations of any interested party seeking such declaration…" (emphasis added). This means that the Court must first have jurisdiction over a viable case. It also means that the Court has discretion to abstain from the declaration. So if Defendants, through their motion to dismiss, persuade the Court there is no case within its jurisdiction, the declaration Plaintiffs seek is unavailable under §2201. And regardless, the Court should exercise its discretion to abstain from this declaration until it resolves the Motion to Dismiss and during the stay.

4

Abstaining from this judgment is appropriate given the procedural posture here. Declaratory judgment is not to be used to try a case piecemeal or for procedural fencing. *See Hogan v. Lukhard*, 351 F. Supp. 1112, 1114 (E.D. Va. 1972) ("A major purpose of the statute is to avoid piecemeal litigation."). By filing this motion for summary judgment before responding to the pending motion to dismiss, Plaintiffs have needlessly divided the litigation piecemeal. It is nothing more than a race to res judicata, and it is inappropriate under these circumstances. *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995). When the declaration sought would be resolved in another proceeding, courts should not use their discretion to decide it through Rule 57. *Duggins v. Hunt*, 323 F.2d 746, 748 (10th Cir. 1963) ("nor should a federal court needlessly seek conflict with the administration by a state of its own affairs by anticipating an unconstitutional resolution of unsettled questions of state law."). The separate proceeding here is before the same federal court in this case, but this situation calls for a similar rule. When, as here, the declaratory relief would short-circuit the motion to dismiss and motion to stay, it is an unacceptable form of procedural fencing and needlessly magnifies the briefing necessary to resolve the litigation. At minimum, because the issues to be decided are factual, the Court should not decide the declaratory questions at this time.

B.  **Summary judgment standard**

Assuming this motion arises under F.R.C.P. 56, Plaintiffs still have not met the standard for summary judgment. This is especially true because granting the motion would entail the Court deciding a factual issue.

In fact, the findings Plaintiffs seek are purely factual. Whether Plaintiff or Defendants followed a procedure is a factual inquiry that requires the court to review the evidence and make credibility determinations. Defendants have already argued that these factual questions, even if they are decided in Plaintiffs favor, do not create a constitutional rights violation. [ECF 42]. Either way, "an issue does not lose its factual character, as would require a factual determination by the trier of fact, rather than determination as a matter of law on summary judgment, merely because its resolution is dispositive of an ultimate constitutional question." *Posey v. Lake Pend Oreille School Dist. No. 84*, 546 F.3d 1121 (9th Cir. 2008). In their Response to the Motion to Dismiss, Plaintiffs insist they need more discovery to make out their constitutional claims. [See, e.g., ECF 79 p. 21]. Since the current record does not support any kind of constitutional violation, this may be true.[1] If so, it is another reason to deny summary judgment. See *Guardian News & Media LLC v. Ryan*, 225 F. Supp. 3d 859, 872 (D. Ariz. 2016) (when factual record underdeveloped, courts especially justified in denying summary judgment that would declare rights on a constitutional claim).

Finally, Defendants note that the purpose of summary judgment -- to reduce the expense and length of litigation -- will not be served by granting this motion. If anything, by filing this motion before responding to the Motion to Dismiss, Plaintiffs have increased the burden on Defendants, this court, and likely themselves. Granting this motion will not end any part of this

---

[1] Of course, Defendants sought and were granted a stay of discovery because Defendants are immune, among other reasons.

litigation; it does not even bear on the substance of the Third Amended Complaint. Because it is premature, unnecessary, and wasteful, the Court should deny this motion.

**II.     There is no live case or controversy to decide, so summary and/or declaratory judgment is inappropriate.**

**A.     A semantic debate has overtaken the fundamental fact that Plaintiffs have permission to install their OWTS.**

Plaintiffs have started and nearly completed construction of their OWTS system according to their preferred design. [ECF 75, p. 3 (Plaintiffs "have completed approximately 80% of the OWTS installation (without a PERMIT and without approved Specifications required to complete the installation)." (emphasis in original)) Without having known these details from the Third Amended Complaint (or until the last several weeks), Defendants still argue this case is moot because they cannot give the Plaintiffs anything more to speed them on their way to installation. Now that the full picture has been revealed, it is more obvious than ever that Plaintiffs have not been denied anything they need. To show this Court why Plaintiffs did not have a live controversy, Defendants used the term "permission" in their pleadings to describe the impact of an approved soil design on the Plaintiffs' project. This was not intended to mislead the court; it was intended to explain the stages of Costilla County's land use process and their function.

Evidently, this semantic approach has created consternation, so Defendants will be as clear as possible. Plaintiffs have not been given the final OWTS permit document they seek because they have not yet had the installed system inspected as Costilla County requires. But they have submitted and received approval to construct a design for that system, and they have

7

received written and oral permission to do so. Since that permission to construct is what other jurisdictions may convey through a permit document, permission to construct the OWTS has the effect of a pre-installation permit in other jurisdictions.

And although compliance with C.R.S. §25-10-106 is not a constitutional issue and does not present a civil cause of action, Defendants do believe that Costilla County has complied with this statute because of this functional equivalence. The statute requires the County to "adopt rules" that govern all aspects of an OWTS system at a high level and include the minimum requirements described in the statute. Costilla County has undoubtedly done so in its RDDP document. Once the County adopts those procedures, it has followed the statute.

Plaintiffs may also complain that the steps of Costilla County's process do not match the order suggested in §106, but this does not mean the County violated the statute. The term "permit" is not defined, and the County's procedure incorporates every element of §106. Plaintiffs' strict construction is not the law, and it would be premature to decide that issue on this early motion.

But most importantly, the Plaintiffs do not state a cause of action under §106, nor a viable constitutional claim based on §106. As a result, there is no "case or controversy" that concerns the issues in this motion that the court needs to determine. The court does not need to interpret Colorado law to resolve this litigation, so it should decline to do so now.

**B.     Peeling back the semantics shows Plaintiffs have not complied with the process and Defendants have.**

Plaintiffs ask the court to find that they have complied with the process to construct their OWTS and residence, but they haven't yet. That's because the system needs to be installed and inspected before they can obtain a signed OWTS permit. They haven't done this, not because they are confused, but because they want to save money on heavy equipment rentals. [ECF 79, p. 4]. This is not a basis for a constitutional claim, and it is also not evidence that they have complied with the process.

Meanwhile, Plaintiffs have not had their OWTS inspected because it is still in the process of being installed. [ECF 79, p.4]. They have complied with the process to receive permission and/or approval to install an approved system, but they have not finished that step. [*Id.*] So although they have followed the process to date, it would be inaccurate to state they have done everything necessary to comply and receive a final OWTS permit.

At the same time, the undisputed facts show that Costilla County, through Defendants, has granted every permit or document to which the Plaintiffs are entitled.[2] Therefore, the Court should deny summary judgment because the undisputed facts do not support Plaintiff's requested findings and there remain disputed facts regarding Romero's intent and whether and how she was acting in her official capacity.

---

[2] Plaintiffs dispute that the approved soil evaluation was provided to them, but they did receive permission from Defendant Medina on October 10, 2022, and they were sent a soil evaluation on September 22, 2022, the date the soil evaluation was approved by Costilla County. [ECF 39, p.15].

### III. Although they are pro se, Plaintiffs must be held to the standard of review that applies to any civil litigant.

The standards of review that apply to motions for summary judgment and to constitutional rights are well settled. Yet rather than provide contrary caselaw that could persuade the court to either overturn this heavy precedent or distinguish this case, Plaintiffs argue that, since they are not lawyers, the burdens of proof on their claims should shift to the defense. [ECF 72, p.7].

What Plaintiffs suggest is backwards. A civil plaintiff has the burden of proving her claims by a preponderance of the evidence. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict—"whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed"). Even outside of summary judgment, the Plaintiff bears the lighter burden of pleading "sufficient factual matter to state a plausible claim for relief" on the face of a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully."). Under either test, the Plaintiffs need to put forward a case of their own and cannot simply shift the burden to Defendants.

A defendant may raise the constitutionality of his actions or assert qualified immunity, but the burden stays with the plaintiff to overcome summary judgment on the constitutional issues. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (describing burden shift to

plaintiff to rebut qualified immunity after defendant has raised it). Even an affirmative defense other than qualified immunity does not require detailed briefing or facts. *Dorato v. Smith*, 163 F. Supp. 3d 837 (D.N.M. 2015) (affirmative defenses not subject to *Twiqbal*). Plaintiff's insistence that Defendants shoulder the burden of the case they brought is unsupportable.

It doesn't change this result that plaintiffs are pro se. Prisoners frequently sue to vindicate their constitutional rights, often raising serious issues, and are held to the same standard as Plaintiffs despite lacking Plaintiffs' access tolegal resources and time. *See Iqbal* (plaintiff was prisoner at Guantanamo Bay). And even if the court should give pro se parties leeway in the formalities of pleading, for example, there is no basis to change the standards of review that apply to the claims themselves. See *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992) (same legal standards apply but pro se allegations liberally construed). The court must not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But that is just what Plaintiffs are seeking when they ask to turn the burdens of pleading on their head. To ask Defendants to prove the constitutionality of their actions without requiring Plaintiffs to plausibly state how their rights were violated in the first place upends the rules of procedure. So, unless Plaintiffs distinguish their case from the thousands that proceeded according to the ordinary burdens of civil procedure, those rules should apply and not strict scrutiny or a burden shift.

## CONCLUSION

Since this motion was filed, Plaintiffs have responded to Defendants' Motion to Dismiss with even more facts. [ECF 79]. Until the court resolves the Motion to Dismiss and related

questions of qualified immunity and lifts the stay, the case should not proceed at all, much less be resolved through summary judgment. The court should reject this motion and award attorney fees and costs the Defendants incurred in responding.

DATED this 5th day of April, 2023.

                                            *s/Ashley L. Zurkan*
                                            Bernard Woessner
                                            Ashley Zurkan
                                            NATHAN DUMM & MAYER P. C.
                                            7900 E. Union Avenue, Suite 600
                                            Denver, CO 80237-2776
                                            Telephone: (303) 691-3737
                                            Facsimile: (303) 757-5106
                                            ATTORNYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

     I hereby certify that on 5th day of April, 2023 a true and correct copy of the foregoing **DEFENDANTS' RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

All Parties of Record.

     I hereby certify that I have mailed a true and complete copy to the following non CM/ECF participants by placing them in the United State Mail:

Billie Smith
Tracy Smith
4351 Park Island Road
Hollywood, SC 29449
bjs020442@aol.com
(318) 233-8789

.

                                                        *s/Ashley L. Zurkan*
                                                        Bernard Woessner
                                                        Ashley Zurkan
                                                        Attorneys for Defendants
                                                        NATHAN DUMM & MAYER P.C.
                                                        7900 E. Union Avenue, Suite 600
                                                        Denver, CO 80237-2776
                                                        Telephone: (303) 691-3737
                                                        Facsimile: (303) 757-5106
                                                        BWoessner@ndm-law.com